**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IGOR ANDREYKA,          )<br>          Petitioner,   )<br>          )<br>   v.          )<br>          )<br>LEONARD ODDO, et. al.,   )<br>          Respondents.   ) | Civil No. 26-62 |

## <u>MEMORANDUM OPINION</u>

Pending before the court is a motion to enforce court order, or reconsider court order, or permit limited discovery (ECF No. 16) filed on behalf of petitioner Igor Andreyka ("Petitioner"), with brief and exhibits in support (ECF No. 17). Leonard Oddo, et.al ("Respondents") filed a response in opposition (ECF No. 20), and Petitioner's motion is ripe for decision.

Petitioner, a citizen of Belarus, filed a petition for Writ of Habeas Corpus (ECF No. 1) asserting that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. On April 15, 2026, the court granted the Petition in part, and ordered that within ten days, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226 (ECF No. 13).

In the pending motion, Petitioner admits that a bond hearing was held on April 22, 2026, and that the government opposed the bond request based on danger to the community (ECF No. 17 at 8). He argues, however, that the hearing was constitutionally defective. Among other things, Petitioner argues the immigration judge was not neutral, did not give Petitioner an opportunity to assuage her concerns about his driving under the influence ("DUI") arrest three

years ago, she did not let him testify, and the written decision did not permit meaningful appellate review.

Respondents argue the motion should be denied.  They contend: (1) Petitioner did not exhaust his administrative remedies by appealing the denial of bond to the Board of Immigration Appeals; (2) this court cannot overturn the immigration judge's discretionary bond decision; and (3) the record confirms that he had a hearing that satisfies due process.

Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing."). The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. This court's review of the bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*

The court reviewed the unofficial transcript of the April 22, 2026 bond hearing, which was provided by Petitioner (ECF No. 17-4).  The record reflects that both Petitioner and the

government submitted evidence to the immigration judge in advance of the hearing and the government's evidence was made available to Petitioner.

The record reflects that Andreyka was arrested for a DUI offense on January 17, 2023, at 2:35 a.m.  Police observed a strong odor of alcohol.  Andreyka's counsel explained that Andreyka was heading home because his mother was having a medical episode, the DUI charge was withdrawn after Andreyka completed an alcohol training course, and he had no further criminal history.  ECF No. 17-4 at 1-2.  Andreyka's counsel, nevertheless, recognized that "DUIs are a significant adverse factor to consider."  ECF No. 17-4 at 2.  The immigration judge reviewed the arrest record and noted that Andreyka consumed six glasses of vodka and did not perform well on the roadside evaluations.  ECF No. 17-4 at 4.  While Petitioner was not permitted to testify[1], counsel for Petitioner was allowed to make arguments and proffered facts on his client's behalf.

The immigration judge provided an oral explanation for his decision on the record, which enabled this court to meaningfully review the decision.  ECF No. 17-2 at 4.  The decision was based largely on Petitioner's DUI arrest – that is an individualized circumstance, which the immigration judge considered (ECF No. 17-4 at 4).[2]  The immigration judge was not convinced by counsel's argument that Petitioner no longer posed a danger to the community, but that conclusion by the immigration judge is not sufficient to show that the hearing was fundamentally

---

[1] Whether to permit testimony is a discretionary decision for the immigration judge.  *See Jeddou v. Warden of Delaney Hall Det. Ctr.*, No. 2:26-CV-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026) (denying habeas petition based on argument that immigration judge deprived Petitioner of an opportunity to testify).  Here, the immigration judge explained, on the record, that based on his review of the record, Petitioner's testimony would not help:  "Nothing would help at this point.  Counsel, your client shouldn't have gotten intoxicated and driven a motor vehicle is the bottom line and especially if you're in the country unlawfully and hope to stay here[. E]ven if you're in the country lawfully if you hope to stay here and don't have status yet you absolutely should not be getting in a car and driving under the influence of alcohol or committing any crime."  ECF No. 17-4 at 5.
[2] The government also argued that Petitioner was a flight risk.

unfair.  This court lacks jurisdiction to overturn the immigration judge's  discretionary determination.  In sum, the bond hearing met each of the essential elements of a fundamentally fair bond hearing, and was sufficient to comply with Petitioner's due process rights.  Having reached those conclusions, any other arguments are beyond the jurisdiction of this court.  *See Ghanem*, 2022 WL 574624 at *2

Conclusion

For the reasons set forth above, the motion to enforce court order, or reconsider court order, or permit limited discovery (ECF No. 16) will be denied.

An appropriate order will be entered.


Dated:  June 9, 2026                              BY THE COURT:

                                                  /s/ Joy Flowers Conti
                                                  Joy Flowers Conti
                                                  Senior United States District Court Judge